**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BRIAN HICKS, PETITIONER
ADC #138964

v. 5:17CV00022-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I. BACKGROUND

On May 23, 2007, Petitioner, Brian Hicks, pleaded no contest to three counts of rape. (Doc. No. 2 at 27-47.) The Miller County Circuit Court sentenced him to twenty years' imprisonment on each count to run concurrently. (*Id.* at 46.) The underlying facts of the case were proffered by the prosecution at the plea and sentencing hearing. (*Id.* at 37-40.) On September 30, 2004, a man who identified himself as Mr. Hicks, called 911 and stated he needed to speak to police about two young girls he had molested in 1999. (*Id.* at 37-39.) Mr. Hicks was living with his cousin, his cousin's wife, and their three children at the time. (*Id.* at 38-39.) Mr. Hicks inserted his finger in the older victim's vagina three times and in the younger victim's vagina twice.[1] (*Id*. at 39-40.)

Mr. Hicks did not appeal his conviction, but instead, in January 2011, he filed an unsuccessful motion for reconsideration. *Hicks v. Kelley*, 5:16CV00207-JM-JJV, Doc. No. 17 at 3. Then in March 2011, Mr. Hicks filed a Rule 37.1 petition (*Id.*), and in February 2015, Mr. Hicks

[1]Rape in Arkansas is defined as a person who "engages in sexual intercourse or deviate sexual activity with another person . . ." Ark. Code Ann. § 5-14-103 (2013). Deviate sexual activity is defined as "the penetration, however slight, of the labia majora or anus of a person by any body member . . ." Ark. Code Ann. § 5-14-101(1)(B) (2009).

unsuccessfully attempted to appeal his conviction.[2] (*Id.*)

On July 6, 2016, Mr. Hicks filed a petition for writ of habeas corpus in this Court, arguing, *inter alia*, that he only signed the plea agreement because he was threatened. (*Id.*) However, Mr. Hicks filed his petition almost seven years passed the limitations period, so this Court dismissed his petition. *Hicks v. Kelley*, 5:16CV00207-JM-JJV. That case is presently on appeal to the United States Court of Appeals for the Eighth Circuit. *Hicks v. Kelley,* No: 16-4208.

Mr. Hicks has now filed a second Petition for Writ of Habeas Corpus arguing, *inter alia*, the Arkansas Attorney General "made an illegal transaction and submitted in fraudulent documents to trick the judge to obtain a judgment in [her] favor." (Doc. No. 2 at 14.) When Mr. Hicks notified the Court of these fraudulent documents, he said the documents were used fraudulently to "insinuate [Mr. Hicks] is guilty, tainting his case and call[ing him] a liar. . . ." (*Id.*) Regardless of the merits of his claims, Mr. Hicks has already challenged this conviction so his current Petition is successive and must be dismissed.

## II. DISCUSSION

Under 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or

[2] Under Arkansas law, there is no right to appeal an unconditional guilty plea or plea of nolo contendere. Ark. R. App. P. -- Crim. 1(a).

successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find 28 U.S.C. § 2244(b) requires prior authorization from the United States Court of Appeals for the Eighth Circuit before this Court may consider Mr. Hicks's Petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Hicks sought and received authorization from the Eighth Circuit before filing this successive Petition. In fact, as previously noted, his previous case is still on appeal.

Mr. Hicks must apply for, and receive, permission from the Eighth Circuit before filing any additional habeas corpus petitions that challenge his convictions. This Court does not have jurisdiction over Mr. Hicks's present claims and the Petition should be dismissed without prejudice, so he may re-file his Petition should the Eighth Circuit Court of Appeals grant him permission to proceed.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Hicks's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED. Any pending motions

should be denied.

DATED this 25th day of January, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE